1  TUCKER ELLIS & WEST LLP
2  MICHAEL C. ZELLERS-STATE BAR NO. 146904
   MOLLIE F. BENEDICT-STATE BAR NO. 187084
3  AGGIE B. LEE-STATE BAR NO. 228332
   515 S. Flower Street, 42nd Floor
4  Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
5  Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
6  mollie.benedict@tuckerellis.com
   aggie.lee@tuckerellis.com
7
   Attorneys for Defendant
8  BRACCO DIAGNOSTICS INC.

9
                    UNITED STATES DISTRICT COURT
10
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
11

12  RONALD SPRINGS and ADRIANE          )   Case No.  CV-08-2823 SI
    SPRINGS,                            )
13                                      )   **STIPULATION OF PLAINTIFFS AND**
                                        )   **DEFENDANT BRACCO DIAGNOSTICS**
14            Plaintiffs,               )   **INC. TO EXTEND DEFENDANT'S TIME**
                                        )   **TO FILE A RESPONSIVE PLEADING**
15  v.                                  )
                                        )
16  BAYER HEALTHCARE                    )
    PHARMACEUTICALS, INC.; BAYER        )
17  HEALTHCARE LLC; BAYER SCHERING      )
    PHARMA AG; GENERAL ELECTRIC         )
18  COMPANY; GE HEALTHCARE, INC.; GE    )
    HEALTHCARE AS; COVIDIEN, INC.;      )
19  MALLINKRODT, INC.; and BRACCO       )
    DIAGNOSTICS, INC.                   )
20                                      )
                                        )
21            Defendants.               )
                                        )
22  _____)

23        Pursuant to Local Rule 6-1 of the United States District Court for the Northern District of

24  California, and based upon the agreement between counsel for Plaintiffs Ronald Springs and

25  Adriane Springs and Defendant Bracco Diagnostics Inc., it is hereby stipulated as follows:

26        The parties have agreed that the period in which Defendant Bracco Diagnostics Inc. may

27  answer or otherwise respond to the Complaint is extended until after the case is transferred to *In*

28  *Re: Gadolinium Based Contrast Agents Products Liability Litigation*, MDL No. 1909, Case No.

STIPULATION OF PLAINTIFFS AND DEFENDANT BRACCO DIAGNOSTICS INC. TO EXTEND
DEFENDANT'S TIME TO FILE A RESPONSIVE PLEADING
CV-08-2823 SI

LAimanage/11255/00016/610616/1

1  1:08-gd-50000-DAP (the "MDL"), pending in the United States District Court for the Northern

2  District of Ohio, at which time Defendant Bracco Diagnostics Inc.'s obligations to file

3  responsive pleadings will be governed by Case Management Order No. 5 issued in the MDL.

4      Good cause exists for this extension as set forth in the accompanying declaration of

5  Aggie B. Lee

6

7  DATED:  JUNE 30, 2008          TUCKER ELLIS & WEST LLP

8

                    By:  /s/ Aggie B. Lee

9                         Michael C. Zellers
                       Mollie F. Benedict

10                        Aggie B. Lee
                       Attorneys for Defendant

11                        BRACCO DIAGNOSTICS INC.

12

13 DATED:  JUNE 30, 2008          LEVIN SIMES KAISER & GORNICK LLP

14

15

                    By:  /s/ Debra DeCarli

16                        Lawrence J. Gornick
                       Debra DeCarli

17                        Laura Brandenberg
                       Attorneys for Plaintiffs RONALD SPRINGS

18                        and ADRIANE SPRINGS

19

20

21

22

23

24

25

26

27

28
                           2.

STIPULATION OF PLAINTIFFS AND DEFENDANT BRACCO DIAGNOSTICS INC. TO EXTEND
DEFENDANT'S TIME TO FILE A RESPONSIVE PLEADING
CV-08-2823 SI

LAimanage/11255/00016/610616/1

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I, Estella Licon, declare that I am a citizen of the United States and a resident of Los Angeles,
California or employed in the County of, State of California. I am over the age of 18 and not a party to
the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-
Second Floor, Los Angeles, California 90071-2223.

4

5

6

On June 30, 2008, I served the foregoing document entitled **STIPULATION OF PLAINTIFFS
AND DEFENDANT BRACCO DIAGNOSTICS INC. TO EXTEND DEFENDANT'S TIME TO
FILE A RESPONSIVE PLEADING** by placing an original enclosed in a sealed envelope(s),
addressed as follows:

7

8

9

(SEE ATTACHED SERVICE LIST)

10

(X)    I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States
mail at Los Angeles, California.

11

12

( )    By Certified mail service return receipt requested, I caused such envelope(s) with postage
thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

13

( )    By Personal Service, I caused such envelope(s) to be delivered by hand to the individuals so
indicated at the address listed.

14

15

( )    By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight
courier service for delivery to the above address(es) or on the attached service list.

16

( )    By fax transmission, I caused the above-referenced document(s) to be transmitted to the
person(s) named above or on the attached service list at the facsimile numbers given thereat.

17

18

19

( )    By e-mail or electronic transmission. Based on a court order or an agreement of the parties to
accept service by e-mail or electronic transmission, I caused the documents to be sent to the
persons at the e-mail addresses listed. 1 did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful.

20

(X)    I declare that I am employed in the office of the Bar of this Court at whose direction the service
was made.

21

22

I declare under penalty of perjury under the laws of the State of California that the above is true and
correct.

23

Executed on June 30, 2008, at Los Angeles, California.

24

25

/s/ Estella Licon
Estella Licon

26

27

28

LAimanage/11255/00016/610704/1

1

SERVICE LIST

2

*Ronald Springs, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.*
United States District Court, Northern District of California

3
San Francisco Division
Case No. CV-08-2823 SI

4

5
Lawrence J. Gornick, Esq.                          *Attorneys for Plaintiffs*
Debra DeCarli, Esq.

6
Laura Brandenberg, Esq.
LEVIN SIMES KAISER & GORNICK

7
LLP

8
44 Montgomery Street, 36th Floor
San Francisco, CA  94104

9
Telephone: (415) 646-7160

10
Fax: (415) 981-1270

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  TUCKER ELLIS & WEST LLP
   MICHAEL C. ZELLERS-STATE BAR NO. 146904
2  MOLLIE F. BENEDICT-STATE BAR NO. 187084
   AGGIE B. LEE-STATE BAR NO. 228332
3  515 S. Flower Street, 42nd Floor
   Los Angeles, CA 90071-2223
4  Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
5  michael.zellers@tuckerellis.com
   mollie.benedict@tuckerellis.com
6  aggie.lee@tuckerellis.com

7  Attorneys for Defendant
8  BRACCO DIAGNOSTICS INC.

9              UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11 RONALD SPRINGS and ADRIANE
   SPRINGS,                                )  Case No.  CV-08-2823 SI
12                                          )
              Plaintiffs,                   )  **DECLARATION OF AGGIE B. LEE IN**
13                                          )  **SUPPORT OF STIPULATION OF**
   v.                                       )  **PLAINTIFFS AND DEFENDANT**
14                                          )  **BRACCO DIAGNOSTICS INC. TO**
   BAYER HEALTHCARE                         )  **EXTEND DEFENDANT'S TIME TO**
15 PHARMACEUTICALS, INC.; BAYER             )  **PLEAD**
   HEALTHCARE LLC; BAYER SCHERING           )
16 PHARMA AG; GENERAL ELECTRIC              )
   COMPANY; GE HEALTHCARE, INC.; GE         )
17 HEALTHCARE AS; COVIDIEN, INC.;           )
   MALLINKRODT, INC.; and BRACCO            )
18 DIAGNOSTICS, INC.                        )
                                            )
19                                          )
                                            )
20            Defendants.                   )
                                            )
21 _____  )

22

23

24

25

26

27

28

1

**DECLARATION OF AGGIE B. LEE**

2

I, Aggie B. Lee, declare as follows:

3         1.       I am an attorney at law duly authorized to practice before the courts of the State of

4    California and the United States District Court, Northern District of California. I am an associate

5    with the law firm of Tucker Ellis & West LLP, attorneys for Defendant Bracco Diagnostics Inc.

6    ("BDI"). I have personal knowledge of all of the facts attested to in this declaration and could

7    competently testify thereto if called as a witness in any legal proceeding.

8         2.       On June 5, 2008, Plaintiffs Ronald Springs and Adriane Springs ("Plaintiffs")

9    filed a complaint in the United States District Court for the Northern District of California, San

10   Francisco Division, Case No. CV08-2823 SI.

11        4.       This lawsuit involves allegations that Plaintiff Ronald Springs contracted

12   nephrogenic systemic fibrosis as a result of exposure to gadolinium-based M.R.I. contrast agents

13   allegedly manufactured by defendants.

14        5.       This case has been designated as a tag-along action for transfer to the designated

15   Multidistrict Litigation Court—the United States District Court for the Northern District of Ohio,

16   for inclusion in MDL 1909; *In re Gadolinium Contrast Dyes Product Liability Litigation*.

17   Attached hereto as Exhibit A is a true and correct copy of the notice designating this case as a

18   tag-along action.

19        6.       On or about June 19, 2008, counsel for BDI met and conferred with counsel for

20   Plaintiffs regarding the status of the action.

21        7.       Plaintiffs' counsel agreed to an extension for BDI to file an Answer or otherwise

22   plead until after the case is transferred to *In Re: Gadolinium Based Contrast Agents Products*

23   *Liability Litigation*, MDL No. 1909, Case No. 1:08-gd-50000-DAP (the "MDL"), pending in the

24   United States District Court for the Northern District of Ohio, at which time BDI's obligations to

25   file responsive pleadings will be governed by Case Management Order No. 5 issued in the MDL.

26   True and correct copies of relevant portions of Case Management Order No. 5 and the minute

27   order issued by Judge Polster on June 9, 2008 is attached hereto as Exhibits B & C.

28

DECLARATION OF AGGIE B. LEE IN SUPPORT OF STIPULATION OF PLAINTIFFS AND DEFENDANT
BRACCO DIAGNOSTICS INC. TO EXTEND DEFENDANT'S TIME TO PLEAD CV-08-2823 SI
LAimanage/11255/00016/610618/1

1         8.    Good cause for this extension exists due to the probability that this case will be

2    transferred for inclusion into MDL 1909 and thereafter subject to the orders entered by the MDL

3    court.

4         I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct and that this declaration is executed by me on this 30th day of June,

6    2008, in Los Angeles, California.

7

8                                 /s/ Aggie B. Lee
                                Aggie B. Lee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF AGGIE B. LEE IN SUPPORT OF STIPULATION OF PLAINTIFFS AND DEFENDANT
BRACCO DIAGNOSTICS INC. TO EXTEND DEFENDANT'S TIME TO PLEAD CV-08-2823 SI

LAimanage/11255/00016/610618/1

# EXHIBIT A



DLA Piper US LLP
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
www.dlapiper.com

Ann M. Byrd
ann.byrd@dlapiper.com
T   404.736.7806
F   404.682.7800

June 10, 2008

*VIA OVERNIGHT DELIVERY*

Jeffery N. Lüthi, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E.
Room G-255
Washington, D.C.  20002

Re:    MDL-1909: In re Gadolinium Based Contrast Agents Products Liability Litigation

Dear Mr. Lüthi:

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendants General Electric Company and GE Healthcare Inc., by their attorneys, provide notice to the Panel of six (6) potential tag-along actions to MDL-1909 listed on the attached Schedule A.

Also enclosed are copies of the complaints, where available.  Please contact me if you have any questions.

Sincerely,

DLA Piper US LLP

Ann M. Byrd

Enclosures

cc:    MDL-1909 Panel Attorney Service List (attached) (via U.S. Mail, letter only)
Counsel of Record/U.S. District Courts (service list attached) (via U.S. Mail, letter only)

4

## Exhibit A – Schedule of Actions

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 1. | June 5, 2008 | *Alfred Hayes v. General Electric Company, GE Healthcare Inc., Bracco Diagnostics, Inc., Bracco Research USA, Inc. (BRUSAI), Mallinckrodt, Inc., Tyco Healthcare Group, L.P., Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, L.L.C., and Bayer Corporation* | D. Kan. Kansas City Division | 2:08-cv-02258-JWL | Hon. John W. Lungstrum |
| 2. | June 5, 2008 | *Daniel Keys v. General Electric Company, GE Healthcare Inc., Bracco Diagnostics, Inc., Bracco Research USA, Inc. (BRUSAI), Mallinckrodt, Inc., Tyco Healthcare Group, L.P., Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, L.L.C., and Bayer Corporation* | D. Kan. Kansas City Division | 2:08-cv-02259-JWL | Hon. John W. Lungstrum |
| 3. | June 5, 2008 | *Carla Lasley v. General Electric Company, GE Healthcare Inc., Bracco Diagnostics, Inc., Bracco Research USA, Inc. (BRUSAI), Mallinckrodt, Inc., Tyco Healthcare Group, L.P., Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, L.L.C., and Bayer Corporation* | D. Kan. Kansas City Division | 2:08-cv-02260-KHV | Hon. Kathryn H. Vratil |
| 4. | June 5, 2008 | *Lewis Parsons v. General Electric Company, GE Healthcare Inc., Bracco Diagnostics, Inc., Bracco Research USA, Inc. (BRUSAI), Mallinckrodt, Inc., Tyco Healthcare Group, L.P., Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, L.L.C., and Bayer Corporation* | D. Kan. Kansas City Division | 2:08-cv-02261-CM | Hon. Carlos Murguia |

| 5. | June 5, 2008 | *Ronald Springs and Adriane Springs v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Schering Pharma AG, General Electric Company, GE Healthcare Inc., GE Healthcare AS, Covidien, Inc., Mallinckrodt, Inc., and Bracco Diagnostics, Inc.* | N.D. Cal. San Francisco Division | 3:08-cv-02823-SI | Hon. Susan Illston |
| 6. | June 5, 2008 | *Robert Thrasher v. General Electric Company, GE Healthcare Inc., Bracco Diagnostics, Inc., Bracco Research USA, Inc. (BRUSAI), Mallinckrodt, Inc., Tyco Healthcare Group, L.P., Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, L.L.C., and Bayer Corporation* | D. Kan. Kansas City Division | 2:08-cv-02262-KHV | Hon. Kathryn H. Vratil |

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: GADOLINIUM-BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION | ) Case No. 1:08 GD 50000 ) MDL No. 1909 ) ) Judge Dan Aaron Polster ) ) MINUTE ORDER ) (6/4/08 Status Conference) |

### *THIS DOCUMENT APPLIES TO ALL CASES*

**ALL COUNSEL PLEASE NOTE:**

**To the extent that the instant Minute Order and the transcript from the June 4, 2008 conference are inconsistent or in conflict, the instant Minute Order supercedes.**

On Wednesday, June 4, 2008, the Court conducted a brief conference with Liaison Counsel for Plaintiffs and Defendants, followed immediately by a status conference with all counsel. The Court resolved some issues in dispute regarding the proposed Defendant Fact Sheet ("DFS") and proposed Case Management Order #5 ("CMO #5"). This Minute Order formalizes some specific portions of the Court's general instructions on how the parties should proceed to finalize the DFS and CMO #5, as well as the Court's disposition of Defendant Bracco's Motion for Protective Order (**ECF No. 84**). The status conference adjourned after the Court determined, after inquiring of all counsel, that there were no other disputed issues remained which necessitated the Court's guidance.

7

**A.    THE PROPOSED PLAINTIFF FACT SHEET**

All parties agreed to the format and content of the proposed Plaintiff Fact Sheet ("PFS") (ECF No. 86), which the Court formally approved (ECF No. 95).

**B.    THE PROPOSED DEFENDANT FACT SHEET**

The Court addressed three areas of contention involving questions contained in the proposed DFS. Specifically, the Court instructs as follows:

(1) As to the applicable time period over which documents relating to Defendants' communications with Plaintiffs' treating physicians concerning GBCAs and NSF/NFD should be produced, the parties agreed to a time period starting three years before Plaintiff was allegedly administered Defendant(s)'s GBCA. The Court hereby instructs that the cut-off date for such communications shall be the date the individual complaint was filed.

(2) As to the question of whether certain Defendants must provide discovery on the identities of the sales representatives who "detailed" the Plaintiff's doctor(s) on GBCAs, the Court instructed that Defendant shall provide the following to Plaintiff, if such data is known: (a) the identity of the sales representative; (b) the sales representative's last known address; and (c) the sales representative's current employment status with the Defendant.

(3) As to the question of whether Defendants must produce contracts for the sale of GBCAs with the specific dispensing or administering physician involved in a Plaintiff's case, the Court instructed that Defendants shall provide copies of any such contracts to Plaintiff.

The parties shall file a final, agreed-upon Defendant Fact Sheet no later than **12:00 noon on Friday, June 13, 2008.**

8

**C.     THE PROPOSED CASE MANAGEMENT ORDER #5**

The parties shall file a final, agreed-upon proposed CMO #5 no later than **12:00 noon on Friday, June 13, 2008.** The filed CMO #5 should include the following framework for resolving certain previously-disputed issues.

**1.     Plaintiff Fact Sheet**

All Plaintiffs have forty-five (45) days, starting on June 4, 2008 (or forty-five (45) days after docketing of a newly-transferred case to the MDL docket) to provide a completed PFS[1] to all named Defendants in the respective Plaintiff's case. The provided PFS shall be completed comprehensively and in good faith, as Plaintiff would respond to any other discovery obligation, and Plaintiff remains under a continuing duty to supplement the PFS throughout the litigation.

**2.     If Manufacturer(s) Identified**

If a Plaintiff identifies the specific manufacturer(s) applicable to his or her case, and substantiates that identification through the PFS, the identified Defendant(s) must do the following: (1) provide a completed Defendant Fact Sheet[2] ("DFS") to the Plaintiff within forty-five (45) days of receipt of the Plaintiff's PFS; and (2) file a responsive pleading within thirty (30) days of the receipt of the Plaintiff's PFS.

As with Plaintiff's duty in completing the PFS, Defendants likewise shall complete the DFS comprehensively and in good faith, as Defendants would respond to any other

---

[1] A "completed PFS" or "complete PFS" refers to a PFS with responses to all Parts to the best of Plaintiff's ability.

[2] A "completed DFS" or "complete DFS" refers to a DFS with responses to all Parts to the best of Defendant's ability.

*9*

discovery obligation. Defendants similarly remain under a continuing duty to supplement the DFS throughout the litigation.

### 3.    If Manufacturer(s) Not Identified

If a Plaintiff cannot identify and substantiate the specific manufacturer(s) applicable to his or her case in the Plaintiff's initial PFS, the named Defendants shall provide, within forty-five (45) days from the receipt of Plaintiff's PFS, a partial DFS with responses to the questions contained in DFS Part I. The Plaintiff shall simultaneously initiate third-party discovery in furtherance of efforts to expeditiously ascertain the identity of the manufacturer(s).

If, after receiving Part I of the DFS and completing third-party discovery, a Plaintiff is able to identify the specific manufacturer(s), the Plaintiff shall provide a supplemental PFS incorporating the identity-substantiating information. Unless and until Plaintiff provides that supplemental PFS, the named Defendants are under no obligation to file a responsive pleading. Upon provision of a Plaintiff's supplemental PFS, (1) the identified Defendant(s) has forty-five (45) days to submit a completed DFS; (2) the identified Defendant(s) has thirty (30) days to file its responsive pleading; and (3) the Plaintiff shall promptly dismiss the other, non-identified named Defendants.

If, after receiving Part I of the DFS and completing third-party discovery, a Plaintiff is still unable to identify and substantiate the specific manufacturer(s), Plaintiff shall promptly dismiss his or her individual case.

-4-

10

4.    **Enforcement Mechanism**

The parties shall follow the Local Rules for the Northern District of Ohio in the event of a discovery dispute, including, but not limited to, LR 37.1.[3]

**D.    DEFENDANT BRACCO'S MOTION FOR PROTECTIVE ORDER (ECF No. 84)**

The Court denied Defendant Bracco's request for the filing of Master Pleadings at this time. All other issues raised in Defendant Bracco's Motion are denied as moot, as they are dealt with by the Court's instructions for CMO #5, outlined above.

**E.    THE NEXT CONFERENCE; PREPARATION FOR THE NEXT CONFERENCE**

The parties agreed to hold the next conference on **Tuesday, July 8, 2008**. The preliminary conference with liaison counsel shall begin at **9:00 a.m.** The general conference, attended by all counsel, shall begin at **9:30 a.m.**

In preparation for the July 8 conference, counsel shall file the following documents on CM/ECF, **no later than 12:00 noon on Wednesday, July 2, 2008**: the proposed agenda, proposed case management orders or stipulations or any other documents they want the Court to consider during the July 8 conference.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster*    *June 9, 2008*
**Dan Aaron Polster**
**United States District Judge**

---

[3]The Northern District of Ohio Local Rules can be found online at the following URL:
http://www.ohnd.uscourts.gov/Clerk_s_Office/Local_Rules/local_rules.html

//

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: GADOLINIUM BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION | Case No. 1:08 GD 50000 <br><br> MDL No. 1909 <br><br> Honorable Dan Aaron Polster |
| THIS DOCUMENT APPLIES TO ALL CASES | **CASE MANAGEMENT ORDER NO. 5** |

**PRODUCT IDENTIFICATION,**
**PLAINTIFF FACT SHEETS AND DEFENSE FACT SHEETS**

**I.    SCOPE AND INTENT OF ORDER**

1.    This Order shall apply to all Plaintiffs and their counsel for actions relating to Gadolinium-based contrast agents ("GBCAs") that are currently pending in MDL No. 1909, hereafter subject to transfer to these proceedings, or that have been or will be originally filed in this Court (collectively, "the MDL proceedings") and all Defendants and their counsel in the MDL proceedings.

2.    This Order governs the form and schedule for the service of a Plaintiff Fact Sheet ("PFS") and executed Authorizations for the Release of Records to be completed by Plaintiffs. This order also governs the form and schedule for the service of a Defendant Fact Sheet ("DFS") to be completed by each Defendant.

3.    This Order neither applies to nor imposes any DFS obligation on any Defendant in any individual action in MDL 1909 other than the sponsors or manufacturers of GBCAs (i.e., the Order does not impose a requirement that a non-

12

GBCA sponsor/manufacturer like a physician, hospital or distributor like Novation, LLC produce a DFS).

4.     The timing and substance of any additional case specific discovery (including depositions) beyond that which is described herein will be the subject of a subsequent CMO.

5.     In order to achieve the purposes expressed in paragraphs 2 and 3 above, this Order differentiates between the obligations that will be imposed on the Parties in cases where: (a) Plaintiff has provided good faith substantiation of a specific GBCA manufactured by a particular Defendant; and (b) cases where Plaintiff is unable to provide good faith substantiation regarding the identity of the specific GBCA used for any or all such procedures.

## II.    PLAINTIFF FACT SHEETS

6.     <u>Service of Plaintiff Fact Sheets</u>:  Plaintiffs in all cases shall complete and serve upon all Defendants (including sales and distributor Defendants) named in an individual action a PFS and shall produce all responsive non-privileged documents in his or her possession that are called for in the PFS.  The PFS form is attached hereto as Exhibit 1. Plaintiffs whose cases are pending in this Court at the time of this Order shall have until July 21, 2008 to produce a completed PFS, signed and dated authorizations, and all requested documents in his or her possession. Plaintiffs must provide a complete and good faith response to all questions in the PFS to the best of his or her ability and may, if necessary, indicate that the question is not applicable to Plaintiff, or, after a good faith investigation, that Plaintiff does not know or cannot recall the answer to a question. Plaintiffs shall make a good faith effort to substantiate his or her allegations identifying

2

exposure to a particular GBCA product(s) and the respective Defendant(s). For Plaintiffs whose cases are not pending in this Court at the time this Order is entered, the completed PFS, signed and dated authorizations and all other requested documents in his or her possession shall be produced within forty-five (45) days after the date the case is docketed in this MDL Court. Plaintiffs remain under a continuing duty to supplement the PFS, if needed, throughout the litigation.

7.    Defendants' Obligation to File Responsive Pleadings:  Defendants' are obligated to file a responsive pleading to a complaint no later than thirty (30) days following receipt of a PFS or Supplemental PFS which contains good faith substantiation of Plaintiff's allegations that a specific GBCA manufactured by a particular Defendant or Defendants is identified for each procedure(s).

8.    Non-Mental Health Medical Authorizations:  Each person who produces a PFS according to paragraph 6 of this Order shall also produce an Authorization for Release of Records for each non-mental health medical provider (including insurer and pharmacies) listed in the PFS. The Non-Mental Health Medical Authorization to be used is attached hereto as Exhibit 2 and shall be served on Defendants' Liaison Counsel in accordance with paragraphs 15 and 18 of this Order.

9.    Mental Health Authorizations:    Each person who produces a PFS according to paragraph 6 of this Order who also alleges a specific psychiatric injury or damage as described in Section II.G. question 3 of the PFS, shall, in addition to the non-mental health medical provider releases described in paragraph 8 above, serve an original signed authorization for the release of records from each mental health care provider identified in the PFS, Section II.G, question 3.    The Mental Health Records

3

14

Authorizations that Plaintiff must complete in such cases is attached hereto as Exhibit 3 and shall be served on Defendants' Liaison Counsel in accordance with paragraphs 15 and 18 of this Order.

10.    <u>Employment Authorizations</u>:  Each person who produces a PFS according to paragraph 6 of this Order and who alleges past or future lost earnings as a result of administration of GBCA(s) as described Section II.B. question 16 of the PFS must also serve upon counsel for any Defendant named in his case an original release for employment records for each employer identified in the PFS.    Notwithstanding allegations of past or future lost earnings, where health conditions, injuries or work environment factors may relate to Plaintiff's claim(s), Defendant(s) may request an Employment Authorization and the Parties will meet and confer regarding such production. The Employment Authorization is attached hereto as Exhibit 4 and shall be served on Defendants' Liaison Counsel in accordance with paragraphs 15 and 18 of this Order.

11.    <u>Supplemental "Blank" Authorizations</u>:  In each case where Plaintiff has filed a PFS according to paragraph 6 of this order, Plaintiff's counsel shall obtain and hold in their possession an initial set of twenty-one (21) blank releases which Defendant(s) may request upon discovery of specific medical providers, mental health providers or employers not previously identified by Plaintiffs.  These twenty-one (21) blank releases shall consist of fifteen (15) blank Non-Mental Health Authorizations (Exhibit 2), three (3) blank Mental Health Records Authorizations (Exhibit 3); and three (3) blank Employment Authorizations (Exhibit 4). Defendants reserve the right to request additional authorizations as may be necessary.

4

*15*

12. <u>Request for Supplemental Authorizations</u>: Following service of the PFS, Defendant(s) whose products have been specifically identified as having been administered to Plaintiff may request that Plaintiff's counsel produce additional supplemental authorizations(s) that were held pursuant to paragraph 11 above. Any request for additional authorizations must be made in writing and delivered by electronic means and must identify the particular provider or other entity whose records are being sought. Within seven (7) business days of electronic service of the request, Plaintiff's counsel shall either produce a signed authorization or notify Defendant(s) by electronic means that they object to the execution of the signed authorization(s). Plaintiff and Defendant(s) may agree to additional time.

13. <u>"Special" Authorizations</u>: If a health care provider, employer or other custodian of records: (a) requires a specific form of authorization that is different than the authorizations set forth in this Order; (b) requires an authorization executed more recently than the those provided by Plaintiff to Defendant(s); (c) requires a notarized authorization; or (d) requires an original signature, Defendant(s) shall notify Plaintiff's counsel of the requirement(s) by electronic means and Plaintiff shall either produce a signed authorization within seven (7) business days or notify Defendant(s) by electronic means that they object to the execution of a signed authorization.

14. <u>Pathology Collection</u>: The authorizations produced pursuant to this Order shall not cover the release of pathology specimens or tissue and no release obtained pursuant to this Order may be used to obtain or collect original tissue or pathology samples, unless agreed to by Plaintiff and Defendant(s). A pathology protocol shall be covered by an additional Order from the Court.

5

16

15.     Authorizations in Cases Involving Multiple Defendants:  In cases where there are multiple Defendants, Plaintiff shall not be required to provide separate authorizations to each Defendant with the PFS, unless agreed to by Plaintiff and Defendant(s).  Rather, in cases involving multiple Defendants, Plaintiff will serve all required authorizations to Defendants' Liaison Counsel who will coordinate distribution and record collection.

16.     Access to Medical/Employment Records:   Defendant(s) or its/their authorized agents shall make available all records obtained through use of authorizations exchanged pursuant to this Order through an outside vendor(s).  The Parties shall meet and confer to resolve appropriate cost-sharing, if any, Bates-stamping, web-site access, viewing fees and copying costs issues, and third-party access issues (e.g., a treating physician Defendant or other third party or, as the case may be, a Plaintiff, who also wishes to obtain the records).  Access to the records of any individual Plaintiff will be limited to his or her counsel of record and counsel for the Defendants named in Plaintiff's case.  If records collected pursuant to any authorization or are otherwise received by either Party within three (3) days before a scheduled deposition, each Party will notify the other Parties' counsel and produce or make available such records immediately, but not less than twenty-four (24) hours, prior to any deposition (unless the records are received less than twenty-four (24) hours prior to the deposition).

17.     Verification:  Plaintiff's responses to the PFS shall be signed by the Plaintiff and treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.

6

17

18.     Service and Confidentiality:  Plaintiff shall be obligated to serve his or her executed PFS and related documents (other than authorizations) on counsel for all Defendants named in the individual case.   Further, a PFS and related documents (including health care records and information) are confidential and will be treated as "Confidential Documents" pursuant to the terms or the Protective Order (CMO No. 6).

## III.     THIRD PARTY DISCOVERY WHERE PLAINTIFF IS UNABLE TO SUBSTANTIATE IN GOOD FAITH ALLEGATIONS SUPPORTING PRODUCT IDENTIFICATION.

19.     Where Plaintiff Is Not Able to Substantiate in Good Faith Allegations Supporting Product Identification:  If Plaintiff is unable to substantiate in good faith his or her allegations identifying the GBCA product(s) administered to Plaintiff, Plaintiff shall be required to conduct third-party discovery in furtherance of efforts to expeditiously ascertain the identity of the manufacturers or sponsors.  These efforts shall commence promptly following service of  Plaintiff's PFS to Defendant(s) pursuant to Section II.6 of this Order.  The method of third-party discovery may be by any means permitted by the Federal Rules of Civil Procedure, including a Subpoena for Documents under Rule 45, a Deposition Upon Oral Questions under Rule 30 (including a telephonic deposition pursuant to Rule 30(b)(4) on consent of the parties or otherwise in accordance with the Federal Rules) or a Deposition Upon Written Questions pursuant to Rule 31.  The parties must comply with the notice requirements set forth under Rule 45.

20.     Service of Supplemental PFS:  If, after receiving Part 1 of the DFS and completing third-party discovery, Plaintiff is able to identify the specific manufacturer(s) or sponsor of any relevant procedure, Plaintiff shall provide a Supplemental PFS incorporating the identity-substantiating information as set forth in paragraphs 15 and 18.

7

/8

21.     <u>Product Identification Notification/Meet and Confer</u>:  In the event that Plaintiff is unable to substantiate in good faith product identification after receiving Part 1 of the DFS and completing third-party discovery pursuant to this Order, Plaintiff shall notify the Defendant(s) of such fact ("Product Identification Notification").  All Parties shall meet and confer regarding outstanding product identification issues, including any additional discovery that may be needed, within fifteen (15) days of Defendants' receipt of Product Identification Notification.  No communications between counsel for the parties shall be deemed evidence of lack of product identification.

22.     <u>Dismissal Where Product Identification Is Not Substantiated</u>:  In the event that Plaintiff is unable to substantiate in good faith product identification after receiving Part 1 of the DFS as set forth in Section IV below and completing third-party discovery as set forth in Section III of this Order, the non-identified named Defendants shall be dismissed without prejudice upon Defendant's motion.

IV.     **DEFENDANT FACT SHEETS**

23.     <u>Service of Defendant Fact Sheet if Product Identification is Substantiated</u>: Each sponsor or manufacturing Defendant is obligated to complete in good faith and serve upon Plaintiff in an individual case a completed Defendant Fact Sheet, including Part 1 ("Defendant Product Identification") and Part 2 ("Defendant Case Profile"), and all responsive documents called for in the DFS, forty-five (45) days after receipt by that Defendant of a full and complete PFS as required by paragraph 6 above or Supplemental PFS (including all required authorizations and accompanying documents) which contains and includes good faith substantiation of use of that particular Defendant's GBCA product prior to the diagnosis of NSF in the case.  Defendants remain under a continuing

8

*19*

duty to supplement the DFS, if needed, throughout the litigation. The DFS form is attached hereto as Exhibit 5.

24. **Defendants' Obligations to Serve Part 1 (Product Identification) DFS:** If Plaintiff is unable to substantiate in good faith use of that particular Defendant's GBCA in the initial PFS, the named Defendants shall be obligated to serve responses only to Part 1 of the DFS ("Defendant Product Identification") forty-five (45) days after receipt of Plaintiff's PFS. Defendants must provide a complete and good faith response to Part 1 of the DFS and remain under a continuing duty to supplement the DFS, if needed, throughout the litigation.

25. **DFS "Part 1" Responses Not Deemed Conclusive of Product Identification:** Nothing contained in this Order, nor any answer by any Defendant in Part 1 of the DFS, shall be deemed to relieve any Plaintiff of the burden of substantiating in good faith exposure to a specific GBCA prior to the diagnosis of NSF. Further, no answer by any Defendant in Part 1 of the DFS shall preclude any Defendant from asserting that any Plaintiff has failed to carry his or her burden of proving exposure to a specific GBCA prior to the diagnosis of NSF.

26. **Verification:** Defendants' responses to the DFS shall be signed and treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.

## V.   PRODUCT IDENTIFICATION DISCOVERY AND FACT SHEET COMPLIANCE AND MOTION PRACTICE

27. **Local Rules and Procedure to Apply.** Disputes with respect to all Fact Sheets shall be governed by the Local Rules and customs of practice in the Northern District of Ohio.

9

20

28.    <u>Fact Sheet Deficiency Dispute Resolution</u>.  If any Party disputes the sufficiency of responses in the Fact Sheets, that Party shall notify the Party that served the Fact Sheet, in writing, of the alleged deficiencies.  If the Parties are unable to resolve the dispute, either Party may send, by facsimile, a letter to the Court requesting the Court's intervention.

29.    <u>Notice of Delinquent Fact Sheets</u>.  If a Party believes that a Fact Sheet is past due under this Order, that Party shall send written notice to the Party identifying the case name and docket number, and purported due date(s) of the delinquent Fact Sheet.  If the Parties are unable to resolve the dispute, either Party may send, by facsimile, a letter to the Court requesting the Court's intervention.

Cleveland, Ohio, this 16th        day of    June      , 2008

_/s/Dan Aaron Polster_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

10

21

1    <u>PROOF OF SERVICE</u>

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I, Estella Licon, declare that I am a citizen of the United States and a resident of Los Angeles,
4    California or employed in the County of, State of California. I am over the age of 18 and not a party to
     the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-
5    Second Floor, Los Angeles, California 90071-2223.

6         On June 30, 2008, I served the foregoing document entitled **DECLARATION OF AGGIE B.
     LEE IN SUPPORT OF STIPULATION OF PLAINTIFFS AND DEFENDANT BRACCO
7    DIAGNOSTICS INC. TO EXTEND DEFENDANT'S TIME TO PLEAD** by placing an original
8    enclosed in a sealed envelope(s), addressed as follows:

9                          <u>(SEE ATTACHED SERVICE LIST)</u>

     (X)  I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States
10        mail at Los Angeles, California.

11   ( )  By Certified mail service return receipt requested, I caused such envelope(s) with postage
          thereon fully prepaid to be placed in the United States mail at Los Angeles, California.
12

13   ( )  By Personal Service, I caused such envelope(s) to be delivered by hand to the individuals so
          indicated at the address listed.

14   ( )  By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight
          courier service for delivery to the above address(es) or on the attached service list.
15

16   ( )  By fax transmission, I caused the above-referenced document(s) to be transmitted to the
          person(s) named above or on the attached service list at the facsimile numbers given thereat.

17   ( )  By e-mail or electronic transmission. Based on a court order or an agreement of the parties to
          accept service by e-mail or electronic transmission, I caused the documents to be sent to the
18        persons at the e-mail addresses listed. 1 did not receive, within a reasonable time after the
          transmission, any electronic message or other indication that the transmission was unsuccessful.
19

20   (X)  I declare that I am employed in the office of the Bar of this Court at whose direction the service
          was made.

21   I declare under penalty of perjury under the laws of the State of California that the above is true and
22   correct.

23        Executed on June 30, 2008, at Los Angeles, California.

24

25                          /s/ Estella Licon
                            Estella Licon
26

27

28

LAimanage/11255/00016/610704/1

22

1

## SERVICE LIST

2

*Ronald Springs, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.*
United States District Court, Northern District of California

3

San Francisco Division
Case No. CV-08-2823 SI

4

5

Lawrence J. Gornick, Esq.                    *Attorneys for Plaintiffs*

Debra DeCarli, Esq.

6

Laura Brandenberg, Esq.

LEVIN SIMES KAISER & GORNICK

7

LLP

8

44 Montgomery Street, 36th Floor

San Francisco, CA  94104

9

Telephone: (415) 646-7160

10

Fax: (415) 981-1270

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

23